ENOCH ELLIOTT, APPELLANT, *v.* OREN WOOD, RESPONDENT.

2 *R. S.*, 620, § 1 — *Security for costs — when cannot be required.*

Where the plaintiff, in an action in a County Court, resides in a county other than that in which the action is brought, he cannot be compelled to give security for the costs, on the ground that he does not reside " within the jurisdiction of the court." (2 R. S., 620, § 1.)

*Bolton* v. *Taylor* (18 Abb., 385) overruled; *Robb* v. *Macdonald* (12 Abb., 213) followed.

APPEAL from an order of the County Court of Fulton county, requiring the plaintiff to file security for costs.

*H. Clay Hall*, for the appellant.

*James M. Dudley*, for the respondent.

PER CURIAM :

This was an appeal from an order of a County Court, requiring the plaintiff to file security for costs. The ground on which the order was made was that the plaintiff was a non-resident of the county in which the action was brought. Hence, it was claimed that he did not reside " within the jurisdiction of the court." (2 R. S., [m. p.] 620, § 1.) A doctrine analogous to that claimed by the defendant, has been laid down by the Superior Court of New York in respect to that court (*Bolton* v. *Taylor*, 18 Abb., 385, and cases there cited); and a contrary doctrine by the New York Common Pleas. (*Robb* v. *Macdonald*, 12 Abb., 213.) We think the latter decision is correct as respects County Courts. Their judgments may be docketed in any county, and executions issued to

any county. So far, then, as to the final costs, the defendant in an action in the County Court, is in the same position with a defendant in this court. The plaintiff is practically within the jurisdiction of the court.

It is suggested that an attachment for interlocutory costs could not be issued to another county. The cases where an attachment for interlocutory costs can be issued, are rare. (Laws of 1847, chap. 390.) Whether a precept for interlocutory costs could be issued to another county, we need not say. But the intention of the statute is to secure a liability for final costs; and for that purpose the defendant has all necessary security by his right to docket this judgment and issue execution to any county.

The order appealed from must be reversed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.